The President,
delivered the following opinion, in which the other Judges concurred:*
This is certainly nothing more than an ordinary action of trespass quart clausum fregit. The allegation that the trees cut wore carried away, is always inserted in the declaration, when it is intended to be proved. It did not convert the action into an action of trespass de bonis as portatis, and take it out of the rule actio personalis mo ritur cum persona. If the defendant had died before verdict, the writ would have abated, and the plaintiff would have been deprived of his damages, if he had sustained any. But there being a verdict and judgment against him, by *24 which he may be hereafter affected in some other controversy respecting the premises, he has a right to reverse that judgment if he can, and was entitled to a scire facias aSa>nst the personal representative of the appellee, though not against his heir. The scire facias as to the latter, was, therefore, improvidently awarded, and is to be quashed.
Upon the merits, there is no error in the first instruction to the jury, in the bill of exceptions. If the jury did' believe that a parol agreement was made, between Nathaniel Wilkinson and Nathaniel Bacon, to establish a line between them, which they both knew, and which in truth, was different from the true line; and also, did actually believe in the running and marking of that line; the title did hot pass thereby, as they were instructed by the Judge. Yet if they believed that the line was run and marked as a dividing line between the parties, and that it was agreed upon b.y.parol as the line between them: that there were two processionings of a part thereof; and that Nathaniel Bacon, and those claiming under him, acquiesced in the said line, during his life, for the term of twenty years, as is relied on by the appellant, in the second exception to the opinion of the Judge, it was equivalent to an express surrender of the possession of the land in controversy, to Wilkinson, and entitled him, and those holding under him, to an action of trespass; unless the jury had believed also, that Izard Bacon, under whom the defendant claims, reentered on the land in controversy, and exercised other acts of ownership thereon, more than 20 years before the institution of this suit, as is insisted on by the defendant.
The second instruction of the Judge, was, therefore, erroneous; and the judgment is to be reversed, and the verdict set aside; and as, by the death of the appellee, the appeal abated here, and there can be no further prosecution of the suit in the Court below, it coming within the rule before stated, it is to be abated here, and the proceedings certified to the Court below, as in the case of Hook v. Hancock, 5 Munf, 546.

 Judge Cabell, absent.